SRD/MJM: USAO#2020R00920

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. GLR 21 cr 215 |
| v. | (Conspiracy to Commit Wire Fraud and Mail Fraud, 18 U.S.C. § 1349; Access Device Fraud, 18 U.S.C. § 1029(a)(5); Possession of Unauthorized Access Devices, 18 U.S.C. § 1029(a)(3); Aggravated Identity Theft, 18 U.S.C. § 1028A; Forfeiture, 18 U.S.C. §§ 981(a)(1)(C) and § 982(a)(2), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| CHRISTOPHER KENNETH GUY, | |
| Defendant. | |

*****

## INDICTMENT

### COUNT ONE
(Conspiracy to Commit Wire Fraud and Mail Fraud)

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Indictment:

#### Introduction

1. Defendant CHRISTOPHER KENNETH GUY ("GUY") was a resident of Florida.

2. J.P., B.G., K.D., R.S., C.M., and K.P. were residents of Oklahoma whose personal identifying information ("PII"), including their names and Social Security numbers, was used without their knowledge or authorization to submit fraudulent claims for, and to obtain, unemployment compensation, as alleged herein.

3. The Oklahoma Employment Security Commission ("OESC") was an agency of the State of Oklahoma funded by the United States Department of Labor. OESC is responsible for administration of Oklahoma's unemployment insurance system, processing applications for unemployment benefits, and disbursing unemployment compensation to individuals entitled to benefits.

1

4. OESC received applications for unemployment benefits through the Internet. In the application, the applicant was required to provide, among other things, the applicant's mailing address and personal identifying information ("PII") about the applicant to include the applicant's name and Social Security number. If, based upon the information provided in the application, OESC determined that the applicant was entitled to unemployment benefits, OESC caused a debit card to be issued in the applicant's name and mailed to the mailing address provided in the application. The debit card would provide access to funds held in a financial account in compensation for the applicant's unemployment status, as detailed in the application.

5. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was signed into law on March 27, 2020, in response to the outbreak of the novel coronavirus known as COVID-19 and the economic impact of the COVID-19 pandemic. The CARES Act established the Federal Pandemic Unemployment Compensation ("FPUC") program. The FPUC program allowed OESC and other state workforce agencies to provide an additional $600 per week to individuals entitled to receive regular unemployment insurance benefits. The FPUC program was effective from March 29, 2020, through July 31, 2020.

## The Conspiracy and the Scheme to Defraud

6. Beginning on or about May 26, 2020, and continuing until on or about August 5, 2020, in the District of Maryland and elsewhere, the defendant,

**CHRISTOPHER KENNETH GUY,**

knowingly and willfully conspired and agreed together and with others known and unknown to the Grand Jury to commit offenses under chapter 63 of Title 18, United States Code, namely,

    a. to knowingly devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, ("scheme to defraud") and for the purpose of executing and attempting to execute the scheme to

2

defraud, to knowingly and willfully transmit and cause to be transmitted by means of wire communication, in interstate and foreign commerce, writings, signs, signals, pictures, and sounds affecting financial institutions, in violation of 18 U.S.C. § 1343; and

b. to knowingly and willfully cause matters and things to be delivered by mail and by a private and commercial interstate carrier according to the direction thereon, and to knowingly and willfully take and receive such matters and things from a post office and authorized depository for mail matter, for the purpose of executing and attempting to the scheme to defraud and obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1341.

### Object of the Conspiracy and Scheme to Defraud

7. It was the object of the conspiracy and scheme to defraud to obtain money, merchandise, and other property by submitting via the Internet false applications in the names of identity theft victims claiming unemployment benefits to which GUY and other members of the conspiracy were not entitled, causing the issuance of debit cards in the victims' names and the mailing of those cards to locations accessible to GUY and other members of the conspiracy, and using the cards to withdraw money and to conduct retail transactions.

### Manner and Means of the Conspiracy and Scheme to Defraud

8. It was part of the conspiracy and scheme to defraud that GUY and others known and unknown to the Grand Jury obtained the PII of individual victims ("identity theft victims").

9. It was further part of the conspiracy and scheme to defraud that GUY and others known and unknown to the Grand Jury identified addresses of locations accessible to them, which could be used to receive prepaid debit cards by mail.

10. It was further part of the conspiracy and scheme to defraud that GUY and others known and unknown to the Grand Jury used the Internet to initiate, complete, and submit to OESC

fraudulent applications for unemployment benefits in the names of identity theft victims.

11. It was further part of the conspiracy and scheme to defraud that GUY and others known and unknown to the Grand Jury used the PII of identity theft victims in the fraudulent applications as false identification of the applicants claiming unemployment compensation and false verification of the applicants' identities.

12. It was further part of the conspiracy and scheme to defraud that GUY and others known and unknown to the Grand Jury listed the addresses of locations accessible to them as mailing addresses in the fraudulent applications.

13. It was further part of the conspiracy and scheme to defraud that, based upon information provided in the fraudulent applications, OESC approved disbursement of unemployment compensation totaling more than $176,970, including FPUC funds, and caused issuance of prepaid debit cards in the names of identity theft victims that could access funds held in financial accounts for the benefit of the identity theft victims.

14. It was further part of the conspiracy and scheme to defraud that OESC caused the prepaid debit cards to be mailed to locations designated as mailing addresses by GUY and others known and unknown to the Grand Jury in the fraudulent applications they submitted to OESC.

15. It was further part of the conspiracy and scheme to defraud that GUY and others known and unknown to the Grand Jury obtained the prepaid debit cards issued in the names of identity theft victims under false pretenses.

16. It was further part of the conspiracy and scheme to defraud that GUY and others known and unknown to the Grand Jury used the prepaid debit cards to withdraw money from automated teller machines and to make retail purchases.

18 U.S.C. § 1349

## COUNT TWO
## (Access Device Fraud)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 5 and 7 through 16 of Count One of the Indictment are incorporated here.

2. Between on or about July 27, 2020, and August 5, 2020, in the District of Maryland, the defendant,

**CHRISTOPHER KENNETH GUY,**

did knowingly and with intent to defraud effect transactions with access devices issued to other persons, to receive payment and other things of value during a one-year period, the aggregate value of which is at least $1,000, said conduct affecting interstate and foreign commerce; to wit, the defendant conducted fraudulent transactions totaling more than $10,000 through use of debit cards described as follows:

- a debit card issued to M.S. bearing a number ending in 2607,
- a debit card issued to J.P. bearing a number ending in 7362,
- a debit card issued to B.G. bearing a number ending in 1669,
- a debit card issued to K.D. bearing a number ending in 1181,
- a debit card issued to R.S. bearing a number ending in 4459,
- a debit card issued to C.M. bearing a number ending in 7725, and
- a debit card issued to K.P. bearing a number ending in 4669.

18 U.S.C. § 1029(a)(5)

## COUNT THREE
## (Possession of Unauthorized Access Devices)

The Grand Jury for the District of Maryland further charges that:

3. The allegations set forth in Paragraphs 1 through 5 and 7 through 16 of Count One of the Indictment are incorporated here.

4. On or about August 5, 2020, in the District of Maryland, the defendant,

**CHRISTOPHER KENNETH GUY,**

did knowingly and with intent to defraud possess at least fifteen devices which were unauthorized access devices, said conduct affecting interstate and foreign commerce; to wit, the defendant possessed debit cards issued to other persons and bearing numbers ending in 2607, 7362, 1669, 1181, 4459, 7725, 4669, 7821, 6571, 7902, 5874, 8094, 8166, 7737, 6962, 6421, 5123, and 7165, which the defendant obtained with intent to defraud.

18 U.S.C. § 1029(a)(3)

## COUNT FOUR
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 5 and 7 through 16 of Count One of the Indictment are incorporated here.

2. Between on or about July 27, 2020, and August 5, 2020, in the District of Maryland, the defendant,

**CHRISTOPHER KENNETH GUY,**

did, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), knowingly possess and use, without lawful authority, a means of identification of another person, to wit, debit cards bearing the names of J.P., B.G., K.D., R.S., C.M., and K.P., during and in relation to Conspiracy to Commit Wire Fraud and Mail Fraud, in violation of 18 U.S.C. § 1349, Access Device Fraud in violation of 18 U.S.C. § 1029(a)(5), and Possession of Unauthorized Access Devices in violation of 18 U.S.C. § 1029(a)(3), as charged in Counts One, Two, and Three of this Indictment, respectively.

18 U.S.C. § 1028A(a)(1), (c)(4), (c)(5)

# FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that, in the event of the defendant's conviction on Counts One, Two, or Three of this Indictment, the United States will seek forfeiture as a part of any sentence in accordance with 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c).

## Wire and Mail Fraud Forfeiture

2. Upon conviction of the offense alleged in Count One of this Indictment, the defendant,

**CHRISTOPHER KENNETH GUY,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable such offense.

## Access Device Fraud Forfeiture

3. Upon conviction of the offenses alleged in Counts Two or Three of this Indictment, the defendant,

**CHRISTOPHER KENNETH GUY,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offense.

## Substitute Assets

4. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Jonathan F. Lenzner / kjh*
JONATHAN F. LENZNER
ACTING UNITED STATES ATTORNEY

A TRUE BILL:

6/10/2021
Date

**SIGNATURE REDACTED**
Foreperson

9